IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| TIMOTHY JOE INMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | CIVIL ACTION NO. _____ |
| ) | JURY DEMANDED |
| MICHAEL DUMONT & LINDEN ) | |
| HOTEL ASSOCIATES, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW the PLAINTIFF, TIMOTHY JOE INMAN ("Plaintiff"), and brings this action against the DEFENDANTS, MICHAEL DUMONT AND LINDEN HOTEL ASSOCIATES, LLC ("Linden Hotel"), and shows unto the Court as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act and 28 U.S.C. § 1331.

3. Plaintiff is a resident of Pulaski, Giles County, Tennessee.

4. Defendant Michael Dumont is a resident of Linden, Perry County, Tennessee. He owns and operates the Commodore Hotel through his sole membership interest in Defendant Linden Hotel Associates, LLC. He lives at 3976 Highway 412 East, Linden, TN 37096.

5. Defendant Linden Hotel Associates, LLC, is a Tennessee for-profit corporation incorporated under the laws of Tennessee. Its principal office is located at 114 East Main Street, Linden, TN 37096-3006. Its mailing address is Linden Hotel Associates, P.O. Box 812, Linden, TN 37096-0812. Its registered agent for service of process is listed as John Carroll, 128 East Main Street, Linden, TN 37096-3085.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to this claim occurred in the Middle District of Tennessee.

7. At all times material to this action, the Linden Hotel was an enterprise engaged in commerce or in the production and/or distribution of goods for commerce as defined by § 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

## II. FACTUAL BASIS FOR LAWSUIT

8. Plaintiff started his employment relationship with Defendant Linden Hotel in March of 2016.

9. Plaintiff's last date of employment with Defendant Linden Hotel was December 1, 2019.

10. When Plaintiff was hired at Defendant Linden Hotel, he was hired to perform general maintenance work at the Commodore Hotel.

11. Plaintiff agreed to work for Defendant Linden Hotel at an hourly rate of $8.00 an hour.

12. Plaintiff did not make policies or set standards as a part of his job duties.

13. Plaintiff did not have hiring authority and, at most, would screen candidates according to the guidelines provided by his superiors.

14. Plaintiff did not have authority regarding matters of significance as decisions in these regards were made by his superiors. Plaintiff's primary duty did not involve the exercise of discretion and independent judgment with respect to matters of significance.

15. There is no exemption under the FLSA that applies to Plaintiff's job description.

16. While Plaintiff worked for Defendant Linden Hotel, the Plaintiff was required to live at the hotel and would be required to man the front desk at night in addition to his daytime duties in maintenance.

17. Plaintiff was on demand for Defendant Linden Hotel for 24 hours a day.

18. Despite often actively working more than 30 hours a week and being on call for 24

hours a day, the Plaintiff was only paid by Defendant Linden Hotel for 30 hours a week.

19. At times, Defendant Linden Hotel would withhold pay from Plaintiff and at times Plaintiff would receive as little as $20 to $30 for a weeks' worth of work.

20. Defendant Linden Hotel failed to pay Plaintiff overtime despite the Plaintiff working more than 40 hours per week.

21. Defendant failed to maintain accurate time records of the time the Plaintiff worked each week.

### III. PAYMENT FOR ALL TIME WORKED

22. Plaintiff was not paid for all of the time he worked each week.

23. Defendant improperly failed to compensate the Plaintiff for all of the time he worked at discharging his work-related duties.

### IV. OVERTIME COMPENSATION

24. Plaintiff was regularly required to work over 40 hours per week.

25. The Fair Labor Standards Act requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in one work week over 40 hours. This is commonly known as the time-and-a-half pay for overtime work.

26. Despite working overtime, the Plaintiff was not paid time and one-half pay from Defendant for overtime worked as set out above.

### IV. WILLFUL VIOLATIONS

27. Defendant willingly, deliberately, and intentionally refused to pay Plaintiff for time actually worked.

28. Defendant willfully, deliberately, and intentionally failed to pay Plaintiff for time actually worked and for time and one-half overtime wages to Plaintiff who worked over 40 hours per week.

29. Defendant has never claimed that the FLSA laws do not apply to Plaintiff or that Plaintiff is exempt from these requirements.

30. Plaintiff is, therefore, owed compensation for time actually worked but not paid, and time and one-half overtime wages and back wages by Defendant, who willingly and knowingly withheld those wages, as well as liquidated damages, for these willful and knowing violations.

IV. STATEMENT OF CLAIMS

29 U.S.C. §§ 207, 216

VIOLATIONS OF FLSA MINIMUM WAGE AND OVERTIME PROVISIONS

31. The foregoing paragraphs are included herein as though fully set forth herein.

32. Defendant is an entity covered by the requirements of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*

33. At all relevant times, Defendant is and was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* and is subject to the provisions of such Act.

34. Plaintiff at all relevant times was an employee of Defendant, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*

35. During the period of time that Plaintiff was employed by Defendant, Plaintiff performed work for which he was not compensated and regularly performed more than 40 hours of work per week (overtime work) for which no additional compensation was paid to him by Defendant in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* More specifically, Defendant violated § 7 of the FLSA by failing to pay Plaintiff for all the time that he worked and pay time and one-half overtime wages to an hourly non-exempt employee who earned overtime pay.

36. Upon information and belief, the Defendant's pay system is and has been unilaterally imposed upon Plaintiff.

37. The Defendant's failure to compensate the Plaintiff for all compensable hours violates the minimum wage provisions of the FLSA and the regulations thereunder.

38. The Defendant's failure to properly administer a scheme of compensation, including but not limited to actual time, overtime, and/or comp time compensation violates the overtime provisions of the FLSA and the regulations thereunder.

39. The Defendant's failure to compensate the Plaintiff for all compensable hours was a willful and knowing violation of the FLSA.

40. As a result of Defendant's willful and knowing failure to properly compensate the Plaintiff, the Plaintiff has suffered substantial delays in receipt of wages owed and damages.

41. The Defendant's failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

42. Pursuant to 29 U.S.C. §§ 207, 216, Defendant owes Plaintiff compensation for the hours worked for which he was not paid, compensation for the overtime work for which he was not properly paid, and an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

## IV. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief on behalf of himself:

A. That the Court award the Plaintiff reasonable attorney's fees, costs, and expenses;

B. That the Court order the Defendant to make the Plaintiff whole by providing appropriate back pay, overtime pay, and other benefits wrongly denied, as well as liquidated damages, in an amount to be shown at trial and other affirmative relief;

C. That the Court award the Plaintiff such additional relief as the interests of justice may require; and

D. That a jury be impaneled to try this cause.

Respectfully submitted,

SPRAGINS, BARNETT & COBB, PLC


BY: /s/<u>Charles H. Barnett, III</u>
Charles H. Barnett, III – 008721
Sara E. Barnett – 021379
Charles H. Barnett, IV – 037107
Attorneys for Plaintiff
P.O. Box 2004
Jackson, TN 38302-2004
Phone: 731-424-0461
Fax: 731-424-0562
cbarnett@spraginslaw.com
sarabarnett@spraginslaw.com
chb4@spraginslaw.com

14939-1-CHB; Page 6

Case 1:20-cv-00069 Document 1 Filed 10/20/20 Page 6 of 6 PageID #: 6